IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JH, a minor, by and through his parents and natural guardians, DAVID and BRIDGET HUMPHREYS, Plaintiffs | No. 3:24cv1154 <br><br> (Judge Munley) |
| v. | |
| DUNMORE SCHOOL DISTRICT; TIMOTHY HOPKINS, in his official and individual capacities; CHRIS and SANDI MILLS, individually and as parents and natural guardians of CM, a minor; GREG and LINDSAY HUNT, individually and as parents and natural guardians of MH, a minor; FRANK and JOLANE SOTTILE, individually and as parents and natural guardians of LS, a minor; GREG and NICOLE WOLFF, individually and as parents and natural guardians of JW, a minor; and ANTHONY and MICHELLE CANTAFIO, individually and as parents and natural guardians of CC, a minor, Defendants | |

................................................................................................

## ORDER

**AND NOW**, to wit, this 8th day of August 2025, for the reasons set forth in an accompanying memorandum, it is hereby **ORDERED** as follows:

1) The motion to dismiss filed by Defendants Timothy Hopkins and the Dunmore School District ("school defendants"), (Doc. 51), is **GRANTED** in part and **DENIED** in part.

   a. The school defendants' motion to dismiss is **GRANTED** as to Counts I–III, Counts VII–X, and Counts XII–XIV of plaintiffs' second amended complaint.

   b. The claims in Counts I and III for violation of the Individuals with Disabilities Education Act are **DISMISSED** with prejudice.

   c. As for Count VI, the claims for violation of Title IX of the Education Amendments of 1972 ("Title IX"), the motion is **GRANTED** as to Defendant Hopkins but **DENIED** as to Defendant Dunmore School District.

   d. The Title IX claim against Defendant Hopkins is **DISMISSED** with prejudice.

   e. As for Counts VIII, IX, X, and XII, the state law claims for vicarious liability, negligence, breach of contract, and intentional infliction of emotional distress ("IIED"), those claims are **DISMISSED** with prejudice.

   f. Plaintiffs' requests for punitive damages in Count XIII are **DISMISSED**.

    g. Plaintiffs' claim for attorneys' fees in Count XIV against Defendant Dunmore School District is **DISMISSED** with prejudice.

    h. The school defendants' motion to dismiss is otherwise **DENIED**.

    i. Plaintiffs may file a third amended complaint against the school defendants regarding their 42 U.S.C § 1983 ("Section 1983") claims within thirty (30) days of the date of this order.

    j. Should plaintiffs fail to file a third amended complaint within this timeframe, Defendant Hopkins will be dismissed from this action with prejudice and the Section 1983 claims against Defendant Dunmore School District will be dismissed with prejudice.

2) The motions to dismiss filed by Defendants Greg and Lindsay Hunt, Frank and Jolane Sotille, Greg and Nicole Wolff, and Anthony and Michelle Cantafio, (Docs. 45, 50, 53, 57), are **GRANTED** in part and **DENIED** in part.

    a. The motions to dismiss are **GRANTED** as to the negligent entrustment claims in Count XI and **DENIED** as to the IIED claims in Count XII.

    b. The negligent entrustment claims in Count XI are **DISMISSED** with prejudice.

  c. The motions to strike the claim for punitive damages in Count XIII are **GRANTED**. Count XIII is stricken as redundant to the already asserted request for punitive damages in Count XII for IIED.

3) In the event that plaintiffs file a third amended complaint, that pleading shall comply with the above rulings.

4) In the absence of a third amended complaint, defendants shall file an answer or other responsive pleading to the second amended complaint within fourteen (14) days of any order formalizing the dismissals discussed in paragraph 1j of this order.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court